# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED MERCHANT SERVICES OF CA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHAUN STACKS PHOTOGRAPHY, LLC, et al.<br><br>Defendants. | Case No. 1:24-cv-00481-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED; CONTINUING SCHEDULING CONFERENCE TO MARCH 27, 2025<br><br>(ECF No. 10)<br><br>**NOVEMBER 25, 2024 DEADLINE** |

On April 23, 2024, Plaintiff commenced this action against Defendants Shaun Stacks Photography, LLC and Shaun Michael Gonzales. (ECF No. 1.) On September 6, 2024, the Court ordered that Plaintiff file a notice regarding status of service on both defendants as neither had appeared nor had Plaintiff moved for entry of default. (ECF No. 5.) On September 11, 2024, Plaintiff requested, and the Court granted, a thirty day extension of time to serve defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 6, 7.) The Court ordered that Plaintiff complete service on Defendants by October 11, 2024. On September 26, 2024, Plaintiff filed proof of service on Defendants, representing service was effectuated on September 24, 2024. (ECF No. 8.)

A scheduling conference is currently set for December 3, 2024. (ECF No. 7.) However, Defendants Shaun Stacks Photography, LLC and Shaun Michael Gonzales have not appeared, and Plaintiff has not requested entry of default. Thus, on November 20, 2024, the Court again

prompted Plaintiff for the status of this action, including the parties' readiness for the scheduling conference. (ECF No. 9.)

On November 20, 2024, Plaintiff filed a status report proffering that it is not prepared for a scheduling conference because it has been unable to serve defendants. (ECF No. 10.)

As an initial matter, Plaintiff's September 24, 2024 filing of a summons return as executed when service has not in fact been effectuated is not well-taken. Further, upon review of the summons return, Plaintiff lists six attempts between the dates of September 12, 2024 and September 23, 2024. (ECF No. 8.) Plaintiff's proffer in the instant status report confirms that Plaintiff has attempted to serve Defendants six times. Now, nearly sixty days after Plaintiff's apparent last attempt at service and forty days after the Court ordered Plaintiff to complete service on Defendants, Plaintiff represents it has not only *not* effectuated service by the Court's deadline, but also requests an additional extension of time to serve defendants via publication and through the California Secretary of State. (ECF No. 10.) Plaintiff contends it expects to file the applicable motions no later than November 27, 2024. Plaintiff proffers it will also simultaneously attempt to serve Defendants through the Fresno County Sheriff.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Plaintiff initiated this action over 200 days ago. The Court ordered that service of Defendants be made no later than October 11, 2024. Plaintiff filed a document representing "summons returned executed" and manually inputted that Defendants' answers were due on October 15, 2024. (See Dkt.) Contrary to Plaintiff's September 26, 2024 representation to this Court, Plaintiff has not served either Defendant.[1] Despite knowing service had not been effectuated by the October 11, 2024 deadline, Plaintiff failed to file a motion for service by publication, alternate service, or any other request for

---

[1] To be clear, the Court offers no opinion whether the filed proof of service conforms with any allowable manner of service under federal or state law.

extension by October 11, 2024.  Instead, Plaintiff waited until this Court issued a second request for status of Plaintiff's prosecution of this action and readiness for the continued scheduling conference to request an additional extension.  The Court is hard-pressed to find good cause exists for Plaintiff's failure to obey a Court order or serve Defendants in accordance with Rule 4(m).

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff show cause in writing why sanctions should not issue for failing to comply with the Court's September 11, 2024 order (ECF No. 7) *and* why this Court should not recommend dismissal of this action **no later than November 25, 2024.**  <u>Plaintiff is forewarned</u> <u>that the failure to show cause in writing may result in the imposition of sanctions, including the dismissal of this action</u>;

2. Any motion requesting an extension of time or leave for alternate manner of service shall be filed **no later than November 27, 2024**; and

3. The December 3, 2024 scheduling conference is CONTINUED to **March 27, 2025 at 9:30 a.m. in Courtroom 9**.

IT IS SO ORDERED.

Dated:   **November 21, 2024**

STANLEY A. BOONE
United States Magistrate Judge

3